IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLOS FOXX                                                                                     PLAINTIFF

v.                                                                                  No. 4:16CV102-MPM-DAS

MARYLEN STURDIVANT, ET AL.                                                          DEFENDANTS

**MEMORANDUM OPINION**

The court, *sua sponte*, reviews this *pro* se prisoner complaint filed under 42 U.S.C. § 1983 for consideration of dismissal. The plaintiff complains that his state conviction for burglary should be expunged. After carefully considering the contents of the *pro* se complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the court has concluded that the complaint is wholly without substantive merit.

The complaint contains no facts whatsoever regarding how plaintiff was allegedly wronged, and has no information about how any of the defendants are connected to whatever the plaintiff thinks the facts were. The plaintiff mentions at several points in his 47-page complaint that he would like for his burglary conviction to be expunged. The rest of the complaint consists of innumerable citations to utterly irrelevant authority, as well as several pages of exhibits regarding his burglary charge (to which he pled guilty). Mr. Foxx clearly spent an enormous amount of time preparing this pleading, but it is largely gibberish.

A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Judges have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .

Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Id.*, 490 U.S. at 327, 328. The plaintiff's allegations and arguments are impossible to interpret and baseless. As such, they will be dismissed as frivolous. A final judgment consistent with this opinion will be entered today.

**SO ORDERED**, this, the 30th day of March, 2017.

<u>**/s/ MICHAEL P. MILLS**</u>
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**